TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
AMY E. POMERANTZ (Cal. Bar No. 275691)
Assistant United States Attorney
Violent and Organized Crime Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0730
     Facsimile: (213) 894-0141
     E-mail:    amy.pomerantz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00128-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: April 22, 2022 |
| LAFAYETTE LOMAX, <br> aka "Blakk Jesus," | Hearing Time: 1:00 p.m. <br> Location:     Courtroom of the <br>               Hon. Andre Birotte, <br>               Jr. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Amy E. Pomerantz, hereby files its sentencing position.

This sentencing position is based upon the attached memorandum

///

///

///

1 of points and authorities, the files and records in this case, and
2 such further evidence and argument as the Court may permit.
3 Dated: March 14, 2022               Respectfully submitted,

                                     TRACY L. WILKISON
                                     United States Attorney

                                     SCOTT M. GARRINGER
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                         /s/
                                     AMY E. POMERANTZ
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Upon his plea of guilty, defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (CR 24, 27.)

On December 17, 2021, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR") in this matter.  (CR 29.)  As detailed in the PSR, the USPO has determined that the total offense level under the United States Sentencing Guidelines ("USSG") applicable to defendant's conviction upon the sole count of the Indictment is 21; that defendant's criminal history places him within criminal history category VI; and that the applicable USSG range of imprisonment is therefore 77-96 months.  The government does not object to the USPO's calculations of defendant's total offense level or criminal history category.

For the reasons set forth below, and in light of the sentencing factors set forth in 18 U.S.C. § 3553(a)(1)-(2), the government recommends that defendant be sentenced to a term of imprisonment of 77 months, to be followed by a three-year term of supervised release, and that defendant be ordered to pay the mandatory special assessment of $100.

**II.  STATEMENT OF FACTS**

On June 29, 2020, law enforcement secured a state search warrant for a residence on Berendo Avenue in Los Angeles associated with defendant based on, among other things, recent photographs that defendant had posted on social media depicting himself holding up firearms with text referencing that he was a "one-man army."  The warrant was executed on July 1, 2020.  In the bedroom belonging to

defendant's girlfriend (where defendant had been staying), law enforcement recovered a Glock, model G23, .40 caliber revolver, bearing serial number PGB797, and ammunition, namely, seven rounds of Independence .40 caliber ammunition, and four rounds of Winchester .40 caliber ammunition.

Because defendant previously had been convicted of several California felonies, including possession of controlled substances for sale, a firearm offense, and robbery -- he was charged in this case with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g).

**III. THE PRESENTENCE REPORT**

The USPO calculated defendant's USSG Guidelines Offense Level as follows:

| | | |
|---|---|---|
| Base Offense Level: | 24 | U.S.S.G. § 2K2.1(a)(2) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 21 | |

(PSR ¶¶ 24-35.) The government does not object to the USPO's calculation of defendant's total offense level. Nor does the government object to the USPO's calculation of defendant's criminal history score and category, which it determined, respectively, to be 16 points and within criminal history category VI. (PSR ¶ 47.)

**IV.   THE GOVERNMENT'S SENTENCING POSITION**

The government recommends that the Court sentence defendant to a 77-month term of imprisonment; followed by a three-year period of supervised release; and a mandatory special assessment of $100. A 77-month term of imprisonment, which reflects a sentence within, but at the low end of, defendant's Guidelines range, appropriately

reflects the nature and circumstances of the offense, as well as the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Such a sentence would also be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

The government is mindful of the gravity of defendant's criminal history, which includes multiple drug offenses, a firearm offense, and robbery conviction, among others. (PSR ¶¶ 40-45.) These crimes call for a term of imprisonment that is sufficiently substantial to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C). A within-guidelines sentence is also necessary to reflect the seriousness of the offense and promote respect for the law; given defendant's criminal history, he is well within the heartland of felons to whom the § 922(g) proscriptions and punishments are most justifiably addressed. See, e.g., 18 U.S.C. § 3553(a)(2)(A)-(B).

That said, the guidelines calculation applicable to defendant largely incorporates these statutory factors inasmuch as defendant's base offense level already reflects the fact of his substantial criminal history.[1] For these reasons, the government requests that the Court impose a term of imprisonment within, but at the low end of, the applicable guidelines range in this case.

Because defendant committed the instant crime while on probation (PSR ¶ 46), the government believes that a three-year, within-

---

[1] Whereas the base offense level for a felon in possession of a firearm starts at level 14, defendant's base offense level was 24, owing to his prior convictions. Compare U.S.S.G. § 2K2.1(a)(2) with § 2K2.1(a)(6).

3

guidelines term of supervised release is also justified under Sections 3583 and 3553 in this case.

**V.     CONCLUSION**

For the foregoing reasons, a sentence of a 77-month term of imprisonment; followed by a three-year period of supervised release; and a mandatory special assessment of $100, would be sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).  The government respectfully requests that the Court sentence defendant accordingly.